UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOAN NHUT TRAN,<br><br>  Petitioner,<br><br>  v.<br><br>KRISTI NOEM, Secretary, Department of Homeland Security, et al.,<br><br>  Respondents. | No. 1:25-cv-01523-TLN-CKD<br><br>**ORDER** |

This matter is before the Court on Petitioner Toan Nhut Tran's ("Petitioner") Motion for a Temporary Restraining Order ("TRO") and Order to Show Cause re: Preliminary Injunction. (ECF No. 7.) Respondents Kristi Noem, Todd Lyons, Pam Bondi, Nancy Gonzalez, and Tanya Andrews (collectively, "Respondents") filed an opposition. (ECF No. 14.) Petitioner filed a reply. (ECF No. 15.) The parties indicated no objection to the Court's consideration of Petitioner's motion on the briefing, without oral argument, and as one for a preliminary injunction. (ECF No. 14 at 1 n.1; ECF No. 15 at 2.) For the reasons set forth below, Petitioner's request for preliminary injunction is GRANTED.

///

///

1

1  **I.   FACTUAL AND PROCEDURAL BACKGROUND**

2  Petitioner is a native and citizen of Vietnam who was admitted to the United States as a
3  refugee on June 27, 1990.  (ECF No. 7 at 7.)  On July 29, 1994, Petitioner was convicted of
4  voluntary manslaughter in violation of California Penal Code § 192(a).  (*Id.*)  On April 3, 1997,
5  Petitioner was placed into removal proceedings, transferred into immigration custody, and
6  detained without bond.  (*Id.* at 8.)  On August 26, 1997, Petitioner was ordered removed by an
7  immigration judge based on an aggravated felony conviction.  (*Id.*)  He was ordered removed to
8  France, at Petitioner's request, with an alternative order of removal to Vietnam.  (*Id.* at 7–8.)  On
9  August 26, 1997, the United States government requested travel documents for Petitioner to
10 Vietnam.  (*Id.* at 8.)  In September 1997, France indicated that it would not allow Petitioner to
11 enter.  (*Id.*)

12 On October 9, 1998, Petitioner filed a petition for writ of habeas corpus.  (*Id.* at 9.)  On
13 August 9, 2000, the court granted the petition and ordered Petitioner's immediate release.  (*Id.*)
14 After nearly three years of detention, Petitioner was released from immigration custody on
15 August 10, 2000, under an order of supervision.  (*Id.*)  He was ordered to report to immigration
16 authorities roughly once a year and did so without incident for 25 years.  (*Id*.)  On October 14,
17 2025, Petitioner was detained by immigration authorities during an appointment.  (*Id.*)

18 On November 9, 2025, Petitioner filed a petition for writ of habeas corpus.  (ECF No. 4.)
19 On November 14, 2025, Petitioner filed a motion for a TRO and order to show cause re:
20 preliminary injunction.  (ECF No. 2.)  The parties indicated no objection to the Court's
21 consideration of Petitioner's motion on the briefing, without oral argument, and as one for a
22 preliminary injunction.  (ECF No. 14 at 1 n.1; ECF No. 15 at 2.)

23 **II.   STANDARD OF LAW**

24 A TRO and a preliminary injunction are both extraordinary remedies.  In general,
25 "[t]emporary restraining orders are governed by the same standard applicable to preliminary
26 injunctions."  *Aiello v. One West Bank*, No. 2:10-cv-0227-GEB-EFB, 2010 WL 406092, at *1
27 (E.D. Cal. Jan. 29, 2010) (internal citations omitted); *see also* E.D. Cal. L.R. 231(a).

28 For both a TRO and a preliminary injunction, courts consider whether Petitioner has

1 established: " [1] that he is likely to succeed on the merits, [2] that he is likely to suffer
2 irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his
3 favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*,
4 555 U.S. 7, 20 (2008). Petitioner must "make a showing on all four prongs" of the *Winter* test.
5 *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). In evaluating a
6 plaintiff's motion, a district court may weigh Petitioner's showings on the *Winter* elements using
7 a sliding-scale approach. *Id.* A stronger showing on the balance of the hardships may support
8 issuing a TRO even where the plaintiff shows that there are "serious questions on the
9 merits . . . so long as the plaintiff also shows that there is a likelihood of irreparable injury and
10 that the injunction is in the public interest." *Id.* Simply put, Petitioner must demonstrate, "that
11 [if] serious questions going to the merits were raised [then] the balance of hardships [must] tip[ ]
12 sharply" in Petitioner's favor in order to succeed in a request for a TRO. *Id.* at 1134–35.

### III.  ANALYSIS

The Court considers each of the *Winter* elements with respect to Petitioner's Motion.

### A.  Likelihood of Success on the Merits

Petitioner argues he is likely to succeed on his claim that his redetention would violate 8 C.F.R § 241.13(i)(2) ("§ 241.13(i)(2)") because Respondents cannot demonstrate his removal is reasonably foreseeable.[1] (ECF No. 7 at 10.) Petitioner contends § 241.13(i)(2) provides that immigration authorities may only redetain an individual who was released from custody only if

---

[1] Petitioner also argues he is likely to succeed on his claim that his redetention would violate 8 U.S.C. § 1231(a)(6) ("§ 1236(a)(6)"). Specifically, Petitioner contends the Immigration and Nationality Act authorizes a period of six months to allow the United States to effectuate removal. (*Id.* (citing § 1236(a)(6)); *Zadvydas v. Davis*, 533 U.S. 678 (2001)).) Petitioner further contends once removal is no longer foreseeable, it is a violation of § 1231(a)(6) and due process to hold a noncitizen in detention. (ECF No. 7 at 10.) Petitioner argues, because he was previously detained pursuant to a final order of removal, the six-month period allowed by § 1231(a)(6) has already run, and the Respondents have not provided evidence that now makes his removal reasonably foreseeable. (*Id.*) In opposition, Respondents concede this matter turns on whether removal of the Petitioner is presently "reasonably foreseeable" but does not directly address Petitioner's argument regarding § 1231(a)(6). (ECF No. 14 at 2.) Based on the Court's finding that Respondents have failed to meet their burden to show a significant likelihood that Petitioner will be removed in the reasonably foreseeable future, the Court finds Petitioner is also likely to succeed on his claim that his detention would violate § 1231(a)(6).

1  there are changed circumstances which establish that removal is reasonably foreseeable. (*Id.* at
2  11–13.) Petitioner argues the Respondents have not provided evidence that Vietnam will accept
3  Petitioner for removal, and thus, his redetention is in violation of § 241.13(i)(2). (*Id.*)

4      In opposition, Respondents state, in a conclusory fashion, that Immigration and Customs
5  Enforcement ("ICE") has determined that there is a significant likelihood of removing Petitioner
6  in the reasonably foreseeable future. (*Id.* (citing ECF No. 14-1 at 3 ("[Enforcement and Removal
7  Operations ("ERO")] is actively working on obtaining a travel document for Petitioner to
8  Vietnam and has determined that there is significant likelihood of removing Petitioner to Vietnam
9  in the reasonably foreseeable future.") Respondents contend ICE notified Petitioner of the
10 reasons for revocation and provided him with an informal interview. (ECF No. 14 at 4.) Thus,
11 Respondents argue Petitioner has failed to show that he will succeed on the merits because his
12 redetention was authorized under 8 C.F.R. § 241.13. (*Id.*)

13     Section 241.13(i) permits revocation of the release of a noncitizen who has been ordered
14 removed "if, on account of changed circumstances, [ICE] determines that there is a significant
15 likelihood that the [noncitizen] may be removed in the reasonably foreseeable future." 8 C.F.R. §
16 241.13(i)(2). Pursuant to § 241.13(i)(2), the burden is on ICE to first establish changed
17 circumstances that make removal significantly likely in the reasonably foreseeable future. *Roble*
18 *v. Bondi*, No. 25-cv-3196 (LMP/LIB), 2025 WL 2443453, at *4 (D. Minn. Aug. 25, 2025). The
19 phrase "significant likelihood," as used in the regulation, requires something more than a mere
20 possibility. *Vu v. Noem*, No. 1:25-CV-01366-KES-SKO (HC), 2025 WL 3114341, at *7 (E.D.
21 Cal. Nov. 6, 2025).

22     Here, Respondents' argument that there is significant likelihood that Petitioner will be
23 removed in the foreseeable future because ERO "is actively working on obtaining a travel
24 document for Petitioner to Vietnam" is unpersuasive. Respondents do not identify the changed
25 circumstances relating to Petitioner's removal, as required under § 241.13(i), nor have they stated
26 their basis for determining that his removal is reasonably foreseeable. Specifically, Respondents
27 have not provided any specific efforts they have made to obtain a travel document from Vietnam
28 for Petitioner and have not stated whether they have an indication from Vietnam that it is likely to

4

1 issue such a travel document. Thus, Respondents have failed to meet their burden to show a
2 significant likelihood that Petitioner will be removed in the reasonably foreseeable future.
3 Accordingly, the Court finds Petitioner is likely to succeed on this claim.

4            B.      Irreparable Harm

5 Petitioner argues he will suffer irreparable harm were he to remain deprived of his liberty
6 and subjected to continued detention. (ECF No. 7 at 14.) Specifically, Petitioner contends, he is
7 separated from his family and community. (*Id.*) In addition, Petitioner argues he already spent
8 three years detained by immigration authorities when the Government could not remove him after
9 his 1997 removal order. (*Id.*) Without a showing that Petitioner's removal is significantly likely,
10 he now risks being detained for an indeterminate period. Respondents do not address this
11 element in opposition. (ECF No. 14.)

12 The Court finds Petitioner will suffer irreparable harm in the absence of preliminary
13 injunctive relief. Prior to his redetention, Petitioner had been out of immigration custody for
14 twenty-five years, during which time Petitioner appears to have made meaningful connections
15 with his community. (ECF No. 7-1 at 74–88.) Absent relief, it appears that Petitioner would
16 remain in custody until a travel document is issued by Vietnam, if ever. This violation of
17 Petitioner's rights is sufficient to satisfy the irreparable harm requirement. *Vu*, 2025 WL
18 3114341, at *9.

19            C.      Balance of Equities and Public Interest

20 As to the final two *Winter* factors, "[w]hen the government is a party, the analysis of the
21 balance of the hardships and the public interest merge." *Nat'l Urban League v. Ross*, 484 F.
22 Supp. 3d 802, 807 (N.D. Cal. 2020) (citing *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092
23 (9th Cir. 2014)).

24 Petitioner argues he has established that the public interest factor weighs in his favor
25 because his claims assert violations of federal laws. (ECF No. 7 at 15.) Respondents do not
26 address this element in opposition. (ECF No. 14.)

27 The Court finds the balance of equities and public interest weighs in Petitioner's favor
28 given that the Court has found that Petitioner has a strong likelihood of success on the merits and

1  Respondent's lack of irreparable harm. *Rodriguez v. Robbins*, 715 F. 3d 1127, 1145 (9th Cir.
2  2013) ("[The Government] cannot suffer harm from an injunction that merely ends an unlawful
3  practice . . . ").

4  Therefore, the Court GRANTS Petitioner's request for a preliminary injunction. (ECF
5  No. 7.)

### IV.  CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion (ECF No. 7), considered as a motion for preliminary injunctive relief, is GRANTED.
2. To return to the status quo, Respondents must immediately release Petitioner under the same conditions he was released previously.
3. Respondents are ENJOINED AND RESTRAINED from redetaining Petitioner unless they obtain a travel document for his removal and unless and until they follow all procedures set forth in 8 C.F.R. §§ 241.4(l), 241.13(i), and any other applicable statutory and regulatory procedures.
4. The bond requirement of Federal Rule of Civil Procedure 65(c) is waived.

IT IS SO ORDERED.

Date: November 24, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE