UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOAN NHUT TRAN, | No. 1:25-cv-1523 CKD P |
| Petitioner, | |
| v. | <u>ORDER GRANTING PETITION</u> |
| KRISTI NOEM, et al., | <u>FOR WRIT OF HABEAS CORPUS</u> |
| Respondents. | |

    Petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). ECF No. 20. For the reasons which follow, the petition for writ of habeas corpus is granted.

I. <u>Facts</u>

    In an order dated November 24, 2025, granting preliminary injunctive relief, the district court judge previously assigned to this case summarized the facts relevant to petitioner's habeas claims as follows:[1]

> Petitioner is a native and citizen of Vietnam who was admitted to the United States as a refugee on June 27, 1990. (ECF No. 7 at 7.) On July 29, 1994, Petitioner was convicted of voluntary manslaughter in violation of California Penal Code § 192(a). (*Id*.) On April 3, 1997,

---
[1] Neither party objects to the summary provided in the November 24, 2025, order.

1

> Petitioner was placed into removal proceedings, transferred into immigration custody, and detained without bond. (*Id*. at 8.) On August 26, 1997, Petitioner was ordered removed by an immigration judge based on an aggravated felony conviction. (Id.) He was ordered removed to France, at Petitioner's request, with an alternative order of removal to Vietnam. (*Id*. at 7–8.) On August 26, 1997, the United States government requested travel documents for Petitioner to Vietnam. (*Id*. at 8.) In September 1997, France indicated that it would not allow Petitioner to enter. (*Id*.)
>
> On October 9, 1998, Petitioner filed a petition for writ of habeas corpus. (*Id*. at 9.) On August 9, 2000, the court granted the petition and ordered Petitioner's immediate release. (*Id*.) After nearly three years of detention, Petitioner was released from immigration custody on August 10, 2000, under an order of supervision. (*Id*.) He was ordered to report to immigration authorities roughly once a year and did so without incident for 25 years. (*Id*.) On October 14, 2025, Petitioner was detained by immigration authorities during an appointment. (*Id*.)

The court adds that on October 14, 2025, petitioner was informed that he had been re-detained because of "changed circumstances" in that his "case is under current review by the Government of Vietnam for the issuance of a travel document and [his] removal is now imminent." ECF No. 14 at 39.

II. <u>Preliminary Injunction</u>

On November 24, 2025, District Judge Nunley ordered that petitioner be released. ECF No. 16. Judge Nunley also ordered that petitioner's conditions of release be the same as before petitioner was detained and that petitioner not be re-detained unless respondents "obtain a travel document for [petitioner's] removal and unless and until [respondents] follow all procedures set forth in 8 C.F.R. §§ 241.4(l), 241.13(i), and any other applicable statutory and regulatory procedures." ECF No. 16 at 6.

III. <u>Standard for Habeas Relief</u>

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." <u>Hamdi v. Rumsfeld</u>, 542 U.S. 507, 525 (2004). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973). A writ of habeas corpus will be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.

28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

III.  Violation of 8 C.F.R § 241.13(i)(2)

Petitioner argues that his re-detention was not in compliance with 8 C.F.R. § 241.13(i). Under that regulation, re-detention of an individual, such as petitioner, who was previously released from custody because removal was not in the reasonably foreseeable future, is not permitted unless the Immigration and Customs Enforcement Service (ICE) determines that changed circumstances indicate that there is a significant likelihood removal will occur in the reasonably foreseeable future.  Here, the burden is on respondents to show that ICE's determination that the requirements of 8 C.F.R. § 241.13(i) were met has factual support.  See e.g. Roble v. Bondi, 2025 WL 2443453, at *4 (D. Minn. Aug. 25, 2025) ("[T]he regulations at issue in this case place the burden on ICE to first establish changed circumstances that make removal significantly likely in the reasonably foreseeable future.").

In an attempt to meet their burden, respondents offer as follows:

1. A letter addressed to petitioner from Deporatation Officer Sergio Albarran dated October 14, 2025, in which petitioner was informed that his "case is under current review by the Government of Vietnam for the issuance of a travel document." ECF No. 14 at 39.

2. A memorandum of understanding between the United States and Vietnam dated November 21, 2020, in which Vietnam agrees to accept certain Vietnamese citizens who arrived in the United States before July 12, 1995 and have been ordered removed. ECF No. 14 at 27.  It appears petitioner fits the criteria for acceptance.

After consideration of the entire record, the court finds the criteria for re-detention under 8 C.F.R § 241.13(i)(2) were not met when petitioner was re-detained nor are they now. Respondents present evidence indicating removal was possible around the time he was detained as it appears Vietnam was at least open to accepting petitioner and respondents had requested that

he be accepted.[2] Notably absent is any evidence of any communication from Vietnam as to whether petitioner will be accepted, the status of Vietnam's review, or any evidence that a lack of communication from Vietnam does not suggest petitioner will not be accepted. As for now, the court notes that in the "Memorandum of Understanding" provided by respondents, Vietnam will either indicate acceptance of the person to be removed or notify the Department of Homeland Security (DHS) that eligibility for acceptance has not been met within 30 days. ECF No. 14 at 30. According to the letter identified above, Vietnam has been aware of DHS's desire that they accept petitioner for at least four months. Vietnam's failure to comply with the terms of the memorandum of understanding renders any prediction as to when and if petitioner will be accepted pure speculation.

IV.  Conclusion

For all of the foregoing reasons, the petition for writ of habeas corpus before the court will be granted, the relief granted via preliminary injunction will be made permanent[3] and the court need not consider the other arguments put forth by petitioner for issuance of a writ of habeas corpus.

Accordingly, IT IS HEREBY ORDERED that:

1. The petition for writ of habeas corpus (ECF No. 4) is GRANTED.

2. Petitioner's conditions of release must remain the same as before petitioner's October 14, 2025 detention.

/////

/////

/////

/////

---

[2] While not entirely clear, the court assumes respondents have made a recent attempt to have Vietnam accept petitioner based upon the representation made to petitioner in the Deporatation Officer Sergio Albarran letter to petitioner and on his representation via declaration that ICE Enforcement and Removal Operations is "actively working on obtaining a travel document for Petitioner to Vietnam." ECF No. 14 at 7.

[3] Respondents make no objection to the form of relief granted via preliminary injunction.

3. Petitioner cannot be re-detained unless respondents obtain a travel document for petitioner's removal and unless respondents follow all procedures mandated by United States regulations and statutes.

4. This case is closed.

Dated: March 9, 2026

*[signature]*

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
tran1523.zad